UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAUREN LINLEY MORAN,<br>    *Plaintiff*. | CASE NO. 1:19-cv-1105 |
| vs. | JURY DEMANDED |
| GREG ABBOTT;<br>TREVOR WOODRUFF;<br>MARY FARRINGTON;<br>BRITTINE KELLY;<br>SARAH SULLIVAN;<br>PATRICIA HEIL DAVIS;<br>LORI JO HANSEL; and<br>LEIGH DUBOSE,<br>    *Defendants*. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, LAUREN LINLEY ALAOUI or LAUREN LINLEY MORAN, Plaintiff, (thereafter referred to as "Lauren") and files this original complaint against the named Defendants for declaratory, injunctive, and monetary relief, asserting due process challenges, both procedural and substantive, and interference with family integrity in violation of Fourteenth Amendment to the United States Constitution and 42 USC § 1983. Lauren also sues the individual capacity Defendants for fraud and/or conspiracy to defraud.

## PARTIES AND SERVICE

1. Plaintiff, LAUREN LINLEY ALAOUI or LAUREN LINLEY MORAN, is a citizen of the United States and the State of Texas. Lauren currently resides Harris County, Texas.

2. Defendant, GREG ABBOTT, is currently the Governor of the State of Texas. Greg Abbott is being sued in his official capacity as Governor of the State of Texas. He is responsible

for ensuring that all Texas agencies comply with applicable federal and state law, and he oversees and directs the activities of the Department of Family and Protective Services ("DFPS"), pursuant to the Texas Constitution Article IV Sections 1 and 10, and to the Texas Government Code Title 4, Chapter 531.

3. Defendant, TREVOR WOODRUFF, is currently the Acting Commissioner of the Texas Department of Family and Protective Services (thereafter referred to as "TDFPS"). Pursuant to the Texas Government Code Title 4, Chapter 531, he is responsible for administering properly and efficiently all DFPS services programs. Trevor Woodruff is being sued in his official capacity as Acting Commissioner of TDFPS. Service of a summons upon Trevor Woodruff may be made at 701 West 51st Street, Austin, Texas 78751.

4. Defendant, MARY FARRINGTON, at all times relevant to this case, was an attorney working for the Travis County District Attorney's Office. Mary Farrington is being used in her individual capacity for signing a document purporting to be a "mediated settlement agreement" on October 31, 2017. Service of a summons upon Mary Farrington may be made at 416 W 11th St, Austin, Texas 78701.

5. Defendant, BRITTINE KELLY, at all times relevant to this case, was a supervisor at TDFPS. Brittine Kelly is being sued in her individual capacity for signing a document purporting to be a "mediated settlement agreement" on October 31, 2017. Service of a summons upon Brittine Kelly may be made at 701 West 51st Street, Austin, Texas 78751.

6. Defendant, SARAH SULLIVAN, at all times relevant to this case, was a caseworker at TDPPS. Sarah Sullivan is being sued in her individual capacity for signing a document purporting to be a "mediated settlement agreement" on October 31, 2017. Service of a summons on Sarah Sullivan may be made at 701 West 51st Street, Austin, Texas 78751.

7. Defendant, PATRICIA HEIL DAVIS, at all times relevant to this case, was the purported mediator. Patricia Heil Davis is being sued for signing and filing a "mediation advisory"

indicating that mediation occurred on October 31, 2017. Service of a summons on Patricia Heil Davis may be made at PO Box 5601, Austin, Texas 78763.

8. Defendant, LORI JO HANSEL, at all times relevant to this case, was the attorney appointed to represent Lauren. Lori Jo Hansel is being sued for signing a document entitled "mediated settlement agreement" on November 8, 2017. Service of a summons on Lori Jo Hansel may be made at 2217 Alta Visa Ave, Austin, Texas 78704.

9. Defendant, LEIGH DUBOSE, at all times relevant to this case, was the amicus attorney appointed to represent the child the subject of the termination suit. Leigh DuBose is being sued for a signing document entitled "mediated settlement agreement" on October 31, 2017. Service of a summons on Leigh DuBose may be made at 5750 Balcones Drive, Suite 207, Austin, Texas 78731.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. § 1983 to redress violations of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

11. Venue is proper here, pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the events or omissions giving rise to the claims occurred in this District

## SUMMARY

12. This suit arises from the entry of an order terminating Lauren's parental rights on November 13, 2017 in Cause No. D-1-FM-16-003448; *In the Interest of H.L.M., A Child*; In the 250th Judicial District Court of Travis County, Texas. Although Lauren filed a bill of review directly challenging the November 13, 2017 order which is currently pending in before Third Court

of Appeals in Austin, Texas, Lauren does not directly challenge that order in this suit. Lauren believes that this Court lacks jurisdiction to do so. Rather, Lauren seeks monetary damages related to the Defendants' conduct (excluding official capacity Defendants) occurring before trial on November 13, 2017. The Defendants (excluding official capacity Defendants) utilized an October 31, 2017 conference to fabricate a purported mediation that did not include Lauren and concealed the lack of mediation from 250th Judicial District Court before trial commenced on November 13, 2017. As a direct result of acts and/or omissions of these Defendants, the 250th Judicial District Court entered an order containing erroneous findings indicating that mediation had occurred, when it did not. In sum, this suit does not directly challenge November 13, 2017 order, but only Defendants pretrial conduct.

# FACTS

13. On November 13, 2017, the 250th Judicial District Court signed an order terminating Lauren's parental rights. The November 13, 2017 order (thereafter referred to as "order") was signed, not as the result of a formal adversarial proceeding in which Lauren put on evidence contesting her termination, but on the basis that Lauren had participated in mediation. This is clearly evidenced by the findings made by the 250th Judicial District Court, as stated in the order. See Fig. 1.

> **Mediated Settlement Agreement**
>
> A mediated agreement was reached by the parties and filed with the Court. This final decree of termination is intended to reflect the mediated settlement agreement.

Fig. 1.

Because Lauren did not attend mediation or have contact with anyone purporting to be a mediator, the above referenced finding made by the 250th Judicial District Court is, therefore, erroneous.

Plaintiff's Original Complaint
Page 4 of 12

Without that finding the 250th Judicial District Court could not have signed the order, because the order "is intended to reflect the mediated settlement agreement." See Fig. 1. As a point of clarification, Lauren does not bring this lawsuit to attack the findings made by the 250th Judicial District Court, but only Defendants' conduct which resulted in that erroneous finding, all of which occurred pretrial. The erroneous finding, therefore, shows causation between the acts and/or omissions of the Defendants and the erroneous finding.

14. When reviewing the 250th Judicial District Court's file sometime well after the November 13, 2017 order was signed, Lauren discovered a copy of a document referred to as a "mediated settlement agreement" and another document referred to as a "mediation advisory." The "mediation settlement agreement" contained Lauren's signature and the signature of the attorney appointed to represent her. Both her signature and the signature of her attorney, Lori Jo Hansel, where dated November 8, 2017. This is in contrast to the signatures of the other Defendants, Mary Farrington, Brittnie Kelly, and Sarah Sullivan, which were signed on October 31, 2017. This is reflected on the mediated settlement agreement on page 3. See Fig. 2.

Fig. 2.

And on page 4. See Fig. 3.



Fig. 3.

15. The next document, discovered by Lauren in the Court's file, was entitled "mediation advisory." This document indicated that mediation had occurred on October 31, 2017. For the first time, Lauren also discovered the name of the actual mediator – Patricia Heil Davis. Lauren also confirmed that mediation was "partially successful." See Fig. 4.



Fig. 4.

According to Fig. 4, a conference occurred between the Defendants on October 31, 2017 with Patricia Heil Davis, the purported mediator. By comparing the signatures of the Defendants who signed the mediated settlement agreement on October 31, 2017, Lauren may reasonably infer that those Defendants signed on October 31, 2017 at mediation. The mediation advisory also shows that the mediation was "partially successful." This notation could mean one of two things: (1) that the mediator was representing that Lauren's mediation was successful on October 31, 2017, or (2) mediation of TDFPS's pending claims against the child's father were successful. TDFPS was also seeking the termination of the father's parental rights. Lauren believes that the second possibility is more likely, and the father's claims were successfully concluded on October 31, 2017. This is troubling because the father's affidavit of relinquishment, which Lauren also located in the Court's file, is signed on May 8, 2017. See Fig. 5.



Fig. 5.

One would expect that the father's signature would be dated October 31, 2017, but the evidence shows otherwise. Fig. 5, therefore, indicates that quite possibly none of the parties actually appeared at mediation on October 31, 2017 and the mediation was nothing more than a conference (if it ever really occurred at all).

16. Of additional importance, prior to trial on November 13, 2017, Lauren was continuously incarcerated. If Lauren had the ability to do so, she would have attended mediation, but the Defendants had failed to secure her attendance.

17. Later, Lauren signed a document purporting to be a "mediated settlement agreement" on November 8, 2017. But, the signing of that document did not occur in the presence of a mediator and her signature was, otherwise, coerced by Lauren's attorney, Lori Jo Hansel. Lori

Jo Hansel had failed to timely request a jury trial in the underlying termination suit. Lauren was also without capacity to sign the mediated settlement agreement because she had been abruptly taken off her mediation and was, otherwise, housed in the psych tank and identified as a high-risk inmate. If Lauren had had contact with a mediator, the mediator would have likely observed that she lacked capacity to sign, or, the communication between herself and her attorney, Lori Jo Hansel, had failed.

## CLAIM FOR SUBSTANTIVE AND PROCEDURAL DUE PROCESS; CLAIM FOR INTERFERENCE WITH FAMILY INTEGRITY; CLAIM FOR FRAUD, CONSPIRACY TO DEFRAUD

18. Under Texas law, mediation is clearly defined as "a forum in which an impartial person, the mediator, facilitates communication between *parties* to promote reconciliation, settlement, or understanding among them." Texas Civil Practice and Remedies Code Section 154.023(a) (emphasis added). Additionally, the Fifth Circuit has clearly articulated that individuals are prohibited from fabricating evidence and failing to disclose said fabrication prior to trial. Lauren's claim, therefore, seeks to impose liability on the Defendants for fabrication of evidence falsely indicating that (1) a mediation had occurred on October 31, 2017 (in Lauren's presence) and (2) the document purporting to be a "mediated settlement agreement" was related to or had anything to do with an actual mediation. The Defendants concealed these facts from the 250th Judicial District Court and the Court entered order based off of these fraudulent misrepresentations.

19. Lauren also seeks to impose liability upon the mediator herself, Patricia Heil Davis, for the fabrication of a document entitled "mediation advisory" because, at least with respect to Lauren, no mediation ever occurred on October 31, 2017. If claims against the father were

successful, then the "mediation advisory" should have indicated that the mediation was completely successful, as no other claims where mediated on October 31, 2017.

20. Additionally, because the Defendants participated in mediation on October 31, 2017, they all knew that Lauren did not appear at mediation, yet no Defendant, excluding the Defendants sued in their official capacity, informed the Court that mediation did not occur, or, otherwise, take any action to make certain that Lauren could attend. Instead, they forced Lauren to sign the mediated settlement agreement on November 8, 2017.

21. Lauren suffered damages because her rights to her child were permanently severed. Although Lauren is attempting to mitigate her damages by filing an appeal before the Third Court of Appeals in Austin, Texas, the results of that appeal are still pending, and the outcome of that litigation is currently unknown. The fraudulent document, the "mediated settlement agreement," also deprived Lauren of the ability to present of evidence contesting the termination of her parental rights.

## INJUNCTIVE, EQUITABLE, AND DECLARATORY RELIEF AGAINST OFFICIAL CAPACITY DEFENDANTS

22. Lauren requests declaratory relief that her rights were violated.

23. The actions and inactions of Governor Greg Abbott and Commissioner Trevor Woodruff, in their official capacities, for failing to implement policies and procedures requiring parents to personally appear at mediation constitute a failure to meet an affirmative duty to provide due process to parents whose parental rights are being terminated by TDFPS, which is a substantial factor leading to and proximate cause of the violation of Lauren's constitutionally protected liberty and privacy interests to her child.

24. Therefore, Lauren requests permanent injunctive and equitable relief ordering Governor Greg Abbott and Commissioner Trevor Woodruff, in their official capacities, to ensure that parents shall personally appear and have contact with the mediator purporting to mediate termination cases. This injunctive request applies to all mediations occurring prior to termination of a parent's parental rights and, especially, to those parents who are indigent and/or incarcerated at the time of mediation, and where the TDFPS is a party to the case and seeking termination of said parents' parental rights.

## **CLAIM FOR RELIEF**

WHEREFORE, LAUREN MORAN, Plaintiff, seeks the following relief:

1. All declaratory and/or equitable relief as plead for above;

2. Any actual monetary losses sustained by the Plaintiff as a direct result of the violations;

3. Compensatory damages against the Defendants because of the past and future physical and mental pain and distress, loss of reputation, and inconvenience caused by its discriminatory actions;

4. Attorney fees, litigation expenses and costs incurred in obtaining relief and pursuing this action;

5. The interest on the amount described in items listed above, calculated at the prevailing rate;

6. Post judgment interest; and

7. Any other relief the court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

**THE POERSCHKE LAW FIRM, PC**

/s/ R. Scott Poerschke, Jr.
R. SCOTT POERSCHKE, JR.
Bar. No. 24067822
5111 Center Street
Houston, Texas 77007
Phone 713.974.1600
Fax 713.621.2106
scott@rsplegal.com

**ATTORNEY FOR LAUREN MORAN**